# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:06CV20

| | | |
|---|---|---|
| **STATE OF NORTH CAROLINA,** | ) | |
| ***ex rel.*, ROY COOPER, ATTORNEY** | ) | |
| **GENERAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | |
| | ) | **O R D E R** |
| **TENNESSEE VALLEY AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court as a result of the denial of

Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and its

current motion to certify this case for immediate appeal pursuant to 28

U.S.C. § 1292(b) and to stay these proceedings pending the outcome of

that appeal.  ***See* Memorandum and Order, filed July 21, 2006;**

**Defendant's Motion to Certify Immediate Appeal Pursuant to 28 U.S.C.**

**§ 1292(b) and to Stay District Court Proceedings pending Outcome of**

**Appeal, filed August 9, 2006.**  Plaintiff opposes the relief sought and has

filed response to the Defendant's motion.  ***See* Plaintiff's Memorandum**

**of Law in Opposition to Defendant's Motion to Certify Immediate**

**Appeal and to Stay District Court Proceedings, filed August 28, 2006.**

For the reasons set forth below, the Defendant's motion is allowed in part and denied in part.

## I.  PROCEDURAL HISTORY

On January 30, 2006, the State of North Carolina through its Attorney General Roy Cooper filed the complaint herein against the Tennessee Valley Authority (TVA) alleging that emissions from its coal-fired electric generating units (EGU's) were endangering the citizens, natural resources, economy, and finances of North Carolina.  It was further alleged that this practice "creates a common law public nuisance in North Carolina, and in other states in the region."  **Complaint, ¶ 1.**  The State seeks "injunctive relief to abate the harm caused by TVA's emissions" as well as fees and costs of the action.  ***Id.***  A pretrial order was entered July 21, 2006, and discovery has just now begun.  At this stage of the proceedings, the State seeks to determine through discovery the exact nature, extent, effect, or hazardous qualities the Defendant's emissions are having on North Carolina's citizens.  However, the State's factual allegations contained in

the complaint are deemed correct. "Since we are reviewing a [motion to dismiss] on the pleadings, we must, of course, take as true the material facts alleged in the [Plaintiff's] complaint." ***Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976).**

On April 3, 2006, TVA moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the State's claims were "not justiciable under controlling authority of the [Fourth Circuit], the discretionary function doctrine, and the Supremacy Clause of the United States Constitution." ***See* Defendant's Motion to Dismiss, filed April 3, 2006, at 1-2.** The State filed response opposing the Defendant's motion and the Defendant filed a reply. ***See* North Carolina's Memorandum of Law in response to Defendant's Motion to Dismiss, filed April 20, 2006; Reply Brief in Support of TVA's Motion to Dismiss, filed May 4, 2006.** The Court denied the Defendant's motion and ordered it to "file answer or otherwise respond to the complaint" and contemporaneously entered the Pretrial Order and Case Management Plan pursuant to Fed. R. Civ. P. 16(b). ***See* Memorandum and Order, *supra*, at 25-26; Pretrial Order and Case Management Plan, filed July 21, 2006.**

TVA filed answer on August 7, 2006, denying the substantive allegations of the complaint and restating its defenses of current Fourth Circuit precedent, discretionary function doctrine, and the Supremacy Clause of the United States Constitution.  Thereafter, Defendant filed the instant motion and the State has filed timely response thereto.  ***See,*** **Defendant's Motion to Certify,** ***supra***; **State's Memorandum in Opposition,** ***supra***; **Defendant's Reply in Support of Motion to Certify/Stay, filed September 1, 2006***.*

## II.  DISCUSSION

Title 28, United States Code, Section 1292(b) reads in pertinent part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals . . . in its discretion, [may] permit an appeal to be taken from such order . . . .

**28 U.S.C. § 1292(b).**  This statute provides a means for discretionary review by a court of appeals of appropriately certified interlocutory orders.

*In re Wallace & Gale Co.*, 72 F.3d 21 (4th Cir. 1995); *Humphrey v. Prudential Sec., Inc.*, 4 F.3d 313 (4th Cir. 1993); *see also, Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).

> A district court's order denying a motion for summary judgment or *denying a motion to dismiss is interlocutory* and may be appealed only (a) if the district court certifies under 28 U.S.C. § 1292(b) that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation and (b) if the court of appeals permits such an appeal.

*The President & Directors of Georgetown College v. Madden*, 660 F.2d 91, 96-97 (4th Cir. 1981) (emphasis added); *see also, United States v. Fowler*, 646 F.2d 859, 860 (4th Cir. 1981); *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992).

TVA contends, and the State denies, that Plaintiff's claim must be dismissed for three primary reasons: (1) direct Fourth Circuit precedent as set forth in *Ferris v. Wilbur*, 27 F.2d 262 (4th Cir. 1928); (2) TVA is performing a discretionary function in the operation of its coal-fired EGU's; and (3) the Supremacy Clause of the United States Constitution. Both parties have extensively briefed their respective positions on the issue of the dismissal and supported them with voluminous citation of authorities.

For the reasons cited in the Memorandum and Order, this Court denied TVA's motion to dismiss in its entirety and that ruling is interlocutory. However, the Court concludes that there is substantial grounds for difference of opinion on each of the following, controlling questions of law which the Court certifies for immediate appeal pursuant to the provisions of 28 U.S.C. § 1292(b):

(1) Does current Fourth Circuit controlling authority require dismissal of the State's suit against TVA as contended by the Defendant?

(2) Does the "discretionary function" doctrine asserted by the Defendant prohibit Plaintiff's claim for relief alleging that Defendant's EGU's are producing air polluting emissions that are adversely affecting the health, welfare, natural resources, economy and finances of the citizens of North Carolina?

(3) Does the Supremacy Clause of the United States Constitution, Article 6, § 3, Clause 2, forbid and prohibit Plaintiff's civil action?

As to each of these questions, this Court is of the opinion that a controlling question of law is involved, that as to each a substantial ground for difference of opinion exists, and that an immediate appeal will materially advance the ultimate termination of this litigation.

Should this Court's ruling denying the Defendant's motion to dismiss be reversed on either issue, the case would be dismissed and the litigation terminated.  "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."  ***Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1244 (2006).**  However, it is the opinion of this Court that the parties should continue to explore the nature, extent and effect of the alleged harmful pollutants generated by Defendant's EGU's via discovery in this action and will not grant the Defendant's motion to stay these proceedings.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to certify immediate appeal is **ALLOWED**; and subject to acceptance by the Fourth Circuit Court of Appeals, the issues enumerated above are hereby certified for immediate interlocutory appeal provided application to appeal is appropriately made within 10 days from entry of this Order as provided in 28 U.S.C. § 1292(b).

**IT IS FURTHER ORDERED** that the Defendant's motion to stay proceedings pending outcome of the appeal is hereby **DENIED**.

Signed: September 7, 2006

Lacy H. Thornburg
United States District Judge