UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| STATE OF NORTH CAROLINA, *ex rel.* ROY COOPER, ATTORNEY GENERAL,<br><br>Plaintiff<br><br>v.<br><br>TENNESSEE VALLEY AUTHORITY<br><br>Defendant | Civil Action No. 1:06CV20 |

**AGREED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by agreement of the parties to this action, and for good cause shown, **IT IS HEREBY ORDERED**:

1. As used in this Order, the term "Protected Information" means information disclosed or produced in this action in any form by either party (the "Disclosing Party") to the other party (the "Receiving Party") which the Disclosing Party deems proprietary or confidential on the basis of a claim of trade secret, confidential business information or other protection from disclosure established by applicable law and designates as such in the manner specified below, all copies and reproductions made of such information in whole or in part, and all notes, summaries, abstracts, or other memoranda prepared therefrom.

2. The Disclosing Party shall designate information which it wishes to be Protected Information by stamping or labeling the information "Confidential." Each Disclosing Party shall use its best efforts to label all information it seeks to be Protected Information as "Confidential." However, in the event there is an inadvertent

disclosure, a Disclosing Party may designate the inadvertently disclosed information as Protected Information in writing to the Receiving Party by Bates numbers and the Receiving Party shall upon receipt of the written notice treat the information as Protected Information and either label it "Confidential" or return it to the Disclosing Party for such labeling. If Protected Information is disclosed orally rather than in documentary form (for example, in deposition testimony), the information may be designated orally as "Confidential" and the Disclosing Party shall request that the Court reporter designate that portion of the transcript "Confidential." No party shall designate any information as Protected Information except to the extent that the party has conducted a good faith review to determine that such information really is and should be treated as confidential information.

3. Protected Information shall not be disclosed or used by the Receiving Party or by anyone acting on its behalf except for purposes of litigation of this action, including settlement negotiations, pretrial proceedings, preparation for trial, trial, and any appeal.

4. Protected Information shall be produced to the attorneys for the Receiving Party. The Receiving Party's attorneys may make such copies of all or part of Protected Information as they deem necessary for purposes of this action. Any such copies shall be protected in the same manner as the originals.

5. A Receiving Party's attorneys may disclose Protected Information only as follows:

(a) They may disclose Protected Information to the attorneys and to their staffs working with them for purposes of these proceedings, all of whom are bound by this Order without such person's signing a copy of the agreement to be bound by this Order as provided in Appendix A hereto;

(b) Subject to paragraph 5(c), they may disclose Protected Information to their client and to such persons with whom they consult, or whom

they retain, for purposes of preparation for trial, trial, other proceedings in this action (including settlements), or any appeal, but only if, prior to such disclosure, the person to whom the Protected Information is disclosed signs an agreement to be bound by this Order as provided in Appendix A hereto after receiving an explanation of it from an attorney for the Receiving Party.

(c) Notwithstanding paragraphs 5(a) and 5(b), Plaintiff's attorneys shall not disclose Protected Information to any electric utility or any other entity engaged in the generation, distribution, sale, or transmission of electrical power (including affiliates of such utilities and entities), to any person employed or otherwise retained by any such entity, or to any person who expects or plans to become employed or retained by any such entity before the expiration of one year after the projected conclusion of this litigation (including any appeals), except for consultants and experts who are working with counsel for Plaintiff on this matter; *provided, however*, that:

(i) At least five business days before providing any Confidential Information to any person who is a current employee of any utility or other entity engaged in the generation, distribution, or transmission of electrical power or expects to become so within one year, and notwithstanding the limitations in paragraph 10, Plaintiff will provide Defendant with notice by e-mail of a list of entities with which such person is or expects to become employed, and a description of such person's role with any such entity; and

(ii) After entry of final judgment in this action by this Court, counsel of record for Plaintiff will retrieve all copies of any Confidential Information from any person described in this paragraph 5(c), and maintain custody of it until such disposition of the Confidential

Information as is agreed by the parties or ordered by the Court pursuant to paragraph 11.

6. If a person being deposed is covered by Paragraph 5(a) or 5(b) above, a Receiving Party may disclose Protected Information to such person, provided that the portions of the transcript (including exhibits) containing Protected Information are protected in accordance with this Order, and provided further that prior to such disclosure the deposition reporter, the deponent, and any other persons present other than the parties' attorneys sign a copy of the agreement to be bound by this Order as provided in Appendix A hereto or agree on the record of the deposition to be bound by this Order. If Protected Information is disclosed by a deponent during the deposition, the information shall be protected in accordance with this Order.

7. A Receiving Party may file with this Court or, during any hearing or trial, disclose Protected Information as the party deems necessary, but the Receiving Party, before filing or disclosing such Protected Information, shall take measures to prevent Protected Information from inadvertently becoming a matter of public record, including filing any documents containing Protected Information under seal with a notation that access is restricted pursuant to this Order and the Court hereby authorizes such filing. If feasible, any documents containing Protected Information shall be prepared in such a manner that the Protected Information is bound separately from that not entitled to protection.

8. A Receiving Party shall make no disclosure or use of Protected Information not expressly permitted by this Order without the prior written consent of the Disclosing Party. If a Receiving Party is unable to obtain such consent, the Receiving Party may move the Court for an order permitting such additional disclosure or use, provided that the Disclosing Party's attorneys are given and actually receive at least 5 business days' written notice of the motion to permit an objection to be made. If a

Disclosing Party's attorneys file written objections, the requested disclosure or use shall not be made unless the Court overrules the objections.

9. A Disclosing Party and its attorneys may use, disclose, copy, and otherwise deal with the Disclosing Party's own Protected Information in such manner as they in their discretion deem necessary for purposes of this litigation or in their usual course of business. Such actions by a Disclosing Party or its attorneys do not waive any provision of this Order and do not release a Receiving Party or other persons bound by this Order from their obligations hereunder. If a Receiving Party believes the Disclosing Party is no longer treating information designated as Protected Information as confidential, the Receiving Party may seek to have the information undesignated pursuant to Paragraph 8.

10. Counsel of record for a Receiving Party are responsible for assuring the execution and maintenance of all agreements to be bound by this Order as provided in Appendix A hereto with respect to any person to whom the Receiving Party discloses information. Within ten days after any request to do so, a Receiving Party will provide to a Disclosing Party copies of all signed agreements to be bound by this Order. A Receiving Party may redact such agreements to prevent the disclosure of consultants covered by the work-product protection and to prevent premature disclosure of expert witnesses before the deadlines contained in the Pretrial Order and Case Management Plan.

11. The terms of this Order shall survive the conclusion of this action unless otherwise agreed by all parties in writing. The ultimate disposition of materials containing Protected Information shall be subject to a final order of the Court on the completion of litigation.

12. Nothing in this Order waives any applicable privilege, or any objection to the production of a document or to the disclosure of information except an objection to production or disclosure based solely on the confidentiality of the information.

13. Any third party providing discovery in connection with this litigation may designate documents or information as "Confidential," and in such circumstance the third-party will qualify as a Disclosing Party and the documents or information will qualify as Protected Information under this Order.

14. The terms and conditions of this Order shall be binding upon the parties with respect to any documents produced prior to its entry.

DONE and ORDERED this 12th day of September, 2006.

LACY H. THORNBURG
United States District Judge

We hereby approve and consent to the entry of this Order:

For Plaintiff State of North Carolina, *ex rel.*   For Defendant Tennessee Valley Authority
Roy Cooper, Attorney General

Roy Cooper
  Attorney General
James C. Gulick
  Senior Deputy Attorney General
Marc Bernstein
  Special Deputy Attorney General
NC Department of Justice
P.O. Box 629
114 West Edenton Street, Room 306A
Raleigh, NC 27602
Telephone 919-716-6940
Facsimile 919-716-6767

*/s/ Michael D. Goodstein*
Michael D. Goodstein
Resolution Law Group, P.C.
5335 Wisconsin Avenue, NW
Suite 305
Washington, DC 20015
Telephone 202-686-4844
Facsimile 202-686-4843

Sueanna Sumpter
  Assistant Attorney General
NC Department of Justice
42 North French Broad Avenue
Asheville, NC 28801
Telephone 828-251-6083
Facsimile 828-251-6338

Richard E. Ayres
Ayres Law Group
1752 N. Street, NW, Floor 8
Washington, DC 20036
Telephone 202-452-9200
Facsimile 202-452-9222

Maureen H. Dunn
General Counsel

Harriet A. Cooper
Assistant General Counsel

*/s/ Frank H. Lancaster*
Frank H. Lancaster
Senior Attorney

Maria V. Gillen
Attorney

Tennessee Valley Authority
Office of the General Counsel
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865-632-2577
Facsimile 865-632-6718

# APPENDIX A

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | |
|---|---|
| STATE OF NORTH CAROLINA, *ex rel.* ROY COOPER, ATTORNEY GENERAL, )<br><br>Plaintiff )<br><br>v. )<br><br>TENNESSEE VALLEY AUTHORITY )<br><br>Defendant ) | Civil Action No. 1:06CV20 |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby state that I have read, understood, and been provided a copy of the Agreed Protective Order entered in this action, and that I agree: (1) to be bound by the Protective Order while this suit is pending and after it is concluded, and to submit to the jurisdiction of this Court for its enforcement; (2) not to copy Protected Information or disclose it or any information derived from it to any other person other than persons who are working at my direction on this matter who have signed an Agreement to Be Bound By Protective Order and solely for work on this Matter, except as requested by the attorney who provides the Protected Information to me; (3) to return all documents containing Protected Information (including all notes and memoranda made therefrom which may contain or reveal the substance thereof) to the attorney who provides them to me at his or her request; (4) to use the Protected Information only for purposes of settlement, preparation for trial, trial, other proceedings in this action, and any appeal; and (5) never to use Protected Information for any purpose not expressly allowed hereunder or under the Protective Order, including, without limitation, for any business or commercial purpose.

(Signature)_____     Dated:_____

Printed Name: _____
Company Represented: _____
Residence Address: _____
_____

Telephone No.: _____