# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:06CV20

| | |
|---|---|
| STATE OF NORTH CAROLINA, *ex rel.* ) <br> ROY COOPER, Attorney General, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> TENNESSEE VALLEY AUTHORITY, ) <br> ) <br> Defendant. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on the motion of Defendant Tennessee Valley Authority ("TVA") for partial reconsideration of this Court's Order of February 27, 2008. Plaintiff State of North Carolina ("North Carolina") opposes the motion. For the reasons stated below, the motion is denied.

## I. PROCEDURAL HISTORY

North Carolina filed this lawsuit against TVA in 2006, alleging that emissions of air pollution from TVA's coal-fired electric generating units

("EGUs") in Tennessee, Alabama, and Kentucky were a public nuisance. **Complaint, filed January 30, 2006, at 1.**

In July and August 2007, TVA moved for summary judgment on two separate grounds: subject matter jurisdiction and insufficiency of evidence. **TVA's Motion for Summary Judgment (Subject Matter Jurisdiction), filed July 31, 2007; TVA's Motion for Summary Judgment (Insufficiency of Evidence), filed August 10, 2007.** North Carolina also moved for partial summary judgment. **North Carolina's Motion for Partial Summary Judgment, filed July 2, 2007.**

On February 27, 2008, the Court issued a Memorandum and Order ("the Order") granting in part and denying in part North Carolina's motion for partial summary judgment. **Memorandum and Order, filed February 27, 2008, at 28.** The Order also denied both of TVA's motions for summary judgment. *Id.* The instant motion challenges the Order's conclusion that this Court has subject matter jurisdiction over North Carolina's claims under Alabama law. **TVA's Motion to Reconsider in Part the Court's February 27, 2008 Order, filed March 20, 2008.** North Carolina filed a brief in opposition to the instant motion, to which TVA replied. **North Carolina's Opposition to TVA's Motion to Reconsider,**

**filed April 4, 2008; TVA's Reply in Support of Motion to Reconsider, filed April 18, 2008.**

## II. STANDARD OF REVIEW

The Court begins by noting that the portion of the Order which denies the parties' requests for summary judgment is interlocutory. An interlocutory order is one which "'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" ***Am. Reliable Ins. Co. v. Stillwell***, **336 F.3d 311, 319 (4th Cir. 2003) (quoting *Black's Law Dictionary* 815 (6th ed. 1990)).**

Motions for reconsideration of interlocutory orders are not subject to the strict standards of review applicable to motions for reconsideration of a final judgment. ***Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003).** "This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is

warranted." *Id.* at 514-15. "Said power is committed to the discretion of the district court." *Id.* at 515 (internal citations omitted).

Even under this expanded standard, however, it is improper to file a motion for reconsideration, simply to "ask the Court to rethink what the Court had already thought through – rightly or wrongly." ***Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983).** This Court has previously noted that a motion for reconsideration is appropriate when:

> "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]."

***Wiseman v. First Citizens Bank & Trust Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) (quoting *Above the Belt*, *supra*) (alterations in original).** "Such problems rarely arise and the motion to reconsider should be equally rare." ***Id.* (quoting *Above the Belt*, *supra*).** These strict limitations on motions to reconsider serve to "ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court. To allow motions to reconsider offhandedly or routinely would result in an unending motions practice." ***Id.***

## III. ANALYSIS

Defendant's motion contends the Court has "overlooked" TVA's argument that Alabama Code § 22-28-23(a)[1] pre-empts North Carolina's claims – at least, those claims which pertain to TVA's EGUs in Alabama. **TVA's Motion to Reconsider, *supra*, at 2.** Section 22-28-23 is part of the Alabama Air Pollution Control Act, or AAPCA. TVA has already raised argument based on the AAPCA several times in the course of this litigation. Specifically, the AAPCA was one of the bases for TVA's request for summary judgment; and it also served as a defense which TVA raised in its answer, and which North Carolina attacked in its own motion for summary judgment. ***Id.* at 2 n.1 (listing the briefs in which TVA discussed the AAPCA).**

"Overlooking" a party's argument is not one of the bases on which the Court will grant a motion for reconsideration under the standard

---

[1] This subsection provides: "Except as provided in this section, it is the intention of this chapter to occupy by preemption the field of air pollution control within all areas of the State of Alabama. However, nothing in this section shall be construed to limit or abrogate any private remedies now available to any person for the alleviation, abatement, control, correction, or prevention of air pollution or restitution for damage resulting therefrom."

described in *Wiseman* and *Above the Belt*. Even if it were, it is untrue that the Order "did not address [the] state-law preemption issue," as TVA argues. *Id.* **at 3.** On the contrary, the Order discussed preemption arguments based on law from all three source states, including Alabama, and concluded that the laws of these states do not preclude the instant litigation. **See Order,** *supra***, at 5-16.**

Finally, even if this Court were to consider anew TVA's argument based on the AAPCA, there is no reason to believe that the specific subsection upon which TVA relies, Alabama Code § 22-28-23(a), would preempt this lawsuit. That subsection states, in part, that the AAPCA is designed to "preempt[] the field of air pollution control within all areas of the State of Alabama." **Ala. Code § 22-28-23(a).** "Air pollution" is defined elsewhere in the AAPCA as "[t]he presence in the outdoor atmosphere of one or more air contaminants in such quantities and duration as are, or tend to be, injurious to . . . life or property *throughout the state and in such territories of the state as shall be affected thereby*." **Ala. Code. § 22-28-2(1) (emphasis added).** Thus, the AAPCA specifically limits itself to regulating that air pollution which affects life or property within the state of

Alabama. As this lawsuit involves alleged air pollution in North Carolina, there can be no question of the lawsuit's preemption by the AAPCA.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that TVA's motion for partial reconsideration is hereby **DENIED**.

Signed: May 16, 2008

Lacy H. Thornburg
United States District Judge