**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV20**

| | | |
|---|---|---|
| **STATE OF NORTH CAROLINA,** *ex rel.* | ) | |
| **ROY COOPER, Attorney General,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **TENNESSEE VALLEY AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion to stay the

Judgment entered herein on January 13, 2009.  Plaintiff opposes the

motion to stay.  For the reasons that follow, Defendant's motion is denied.

Following a two-week bench trial, the undersigned made findings of

fact and conclusions of law that four of TVA's power plants located closest

to North Carolina represented a public nuisance as that term is defined

under the laws of Alabama and Tennessee.  The Widow's Creek plant,

located in Alabama, and the Kingston, Bull Run, and John Sevier plants

located in Tennessee, were subject to an injunction "requiring the

installation and continual, year-round use of appropriate pollution control

technology[.]" **Memorandum of Opinion, filed January 13, 2009;**

**Judgment, filed January 13, 2009, at 1-3.** Thereafter, TVA filed a timely

motion for reconsideration or amendment of the Judgment under Fed. R.

Civ. P. 59. The narrowly drafted motion did not challenge the injunction on

the Widow's Creek, Bull Run, or Kingston Plants; rather, TVA's motion

focused solely on a request for additional time in which to install pollution

controls on the John Sevier Plant. *See* **Defendant's Motion to Alter**

**Judgment and Supporting Brief, filed January 28, 2009.** The Judgment

ordered a specific time frame for installation and operation of pollution

controls at the John Sevier plant:

> As to **JOHN SEVIER**, TVA indicated at trial that it plans to build scrubbers and SCRs sufficient to cover all four EGUs. Further, TVA has indicated that one of the EGUs already has a SNCR, and that three more SNCRs will be installed to clean a portion of the $NO_x$ in the interim period before the SCRs are operational. The Court will hold TVA responsible for proceeding according to this plan, including the prompt installation, proper maintenance, and year-round operation of the interim SNCRs until such time as the SCRs come online. **IT IS, THEREFORE, ORDERED** that all scrubbers and SCRs must be installed and operational by **DECEMBER 31, 2011,** and shall thereafter be properly maintained and operated year-round.

**Judgment, ¶ 3.**

TVA sought the following amendment of the time set forth in the

Judgment:

> In ¶ 3 of the Judgment (at the top of page 3), delete "and
> SCRs," replace "DECEMBER 21, 2011" with "DECEMBER 31,
> 2012," and add the following before the words "and shall
> thereafter be properly maintained and operated": "and all SCRs
> must be installed and operational by DECEMBER 21, 2014,".
> As so amended, the last sentence of ¶ 3 of the Judgment
> would read:
>> IT IS, THEREFORE, ORDERED that all scrubbers
>> must be installed and operational by
>> DECEMBER31, 2012, and all SCRs must be
>> installed and operational by DECEMBER 31, 2014,
>> and shall thereafter be properly maintained and
>> operated year-round."

**TVA's Motion to Amend, at 2.**

TVA further contended that the Court "may have made an inadvertent

mistake in setting forth the terms of the remedy in the Judgment" as it

relates to the John Sevier Plant. **TVA's Supporting Brief, at 1**.

Alternatively, TVA moved the Court to "reconsider ordering such a

significant alteration of *TVA's plan* for installing pollution controls at John

Sevier." *Id*. **at 3 (emphasis added).** The Court rejected TVA's contention

that a "mistake" impacted the Judgment relating to John Sevier and

expressly declined to restructure the time table to accommodate TVA's

preferred plan for installation of pollution controls at John Sevier. The

Court explained that after reviewing the Memorandum of Opinion and the

Judgment, the weight of evidence presented by Plaintiff at trial supported

the conclusion that the timetable set forth in the injunction was feasible.

> North Carolina's expert estimated that TVA can retrofit a
> scrubber in, on average, 27 months.  NC Exh. 83.  Likewise,
> the expert estimated that TVA could retrofit an SCR in
> 21months.  NC Exh. 77.  TVA's expert testified that more
> lengthy timelines for these projects were necessary.  Transcript
> at 1997 (three years for an SCR); *id*. at 2000 (five years for a
> scrubber). The Court finds North Carolina's expert to be more
> credible in this respect, and accordingly finds that timelines of
> 21 months and 27 months for SCRs and scrubbers,
> respectively, are feasible.

**Memorandum of Opinion,** *supra***, at 39.**

In its motion to stay, TVA makes a third effort to attack the Judgment

as it relates to installation of pollution controls at the John Sevier Plant.

**TVA's Motion for Stay, filed June 12, 2009; TVA's Brief in Support of**

**Motion to Stay, filed June 12, 2009.**  Rule 62(c) provides that while an

appeal is pending from a final judgment that grants an injunction, the Court

may suspend or modify the injunction.  **Fed. R. Civ. P. 62**.  The accepted

standard to be applied in deciding this issue places the burden on TVA, as

the moving party, to show: (1) that TVA will likely prevail on the merits of

the appeal; (2) that TVA will suffer irreparable injury if the stay is denied;

(3) that other parties will not suffer substantial harm during the stay; and

(4) that the public interest will be served if the stay is granted.  ***Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).**

TVA moves for a day-for-day extension of the deadlines for installation of pollution controls while TVA's appeal is pending before the Fourth Circuit.  This stay would be effective "so that compliance schedules for the injunctive relief in the Final Judgment and Order will run, if at all, only after the final disposition of the appeal."  **TVA's Motion for Stay, at 1.**  TVA argues it and millions of its customers will suffer irreparable harm if the stay is not granted; that the stay is in the public interest; the Plaintiff North Carolina will not be harmed substantially by a stay; and lastly, its appeal of the Judgment presents significant federal and state legal issues which are likely to be decided in TVA's favor.  Plaintiff North Carolina disputes these contentions calling attention to the findings in the Memorandum and Order and the Judgment which expressly rejected the precise arguments TVA again brings before the Court.  **Plaintiff's Brief in Opposition to TVA's Motion For Stay, filed July 2, 2009, at 1-2.**

The Court has considered TVA's motion for a stay, supporting brief and exhibits, and the Reply, and likewise has considered North Carolina's response in opposition along with the supporting exhibits.  After such

consideration and another review of the evidence presented at trial, the Court concludes that TVA has not met its burden of proving that a stay is necessary.

The Court finds that the installation time lines set forth in the Judgment are reasonable and can be accomplished if TVA continues to follow the clear schedule crafted by the Court as such pertains to each of the power plants identified in the Judgment. Simply put, the Court finds the evidence presented at trial supports the conclusion that TVA can install all of the pollution controls required by the Judgment within the time provided. TVA's arguments to the contrary in this latest motion for relief are unavailing and are expressly rejected.

**IT IS, THEREFORE, ORDERED** that Defendant TVA's motion for a stay of this Court's Judgment pending appeal is hereby **DENIED.**

Signed: August 14, 2009

Lacy H. Thornburg
United States District Judge