# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CV20

STATE OF NORTH CAROLINA,
ex rel. Roy Cooper, Attorney General,

        Plaintiff,

Vs,

TENNESSEE VALLEY AUTHORITY,

        Defendant.

## Clerk's Taxation of Costs

This matter is before the Clerk by the filing of a "Bill of Costs" by Defendant on October 5, 2010.

Plaintiff has not filed any Objections to the "Bill of Costs".

Awarding of costs were delayed until the Clerk received the Mandate from the United States Court of Appeals for the Fourth Circuit as required by Local Rule of Civil Procedure 54.1 which provides in pertinent part:

> **LCvR 54.1 TAXATION OF COSTS OTHER THAN ATTORNEYS' FEES.**
> **(A)** *Filing Bill of Costs.* A prevailing party may request the Clerk of Court to tax allowable costs, other than attorneys' fees, in a civil action as a part of a judgment or decree by electronically filing a bill of costs on a form available from the Clerk of Court, within thirty (30) days after:
> **(1)** the expiration of time allowed for appeal of a final judgment or decree; or
> **(2)** receipt by the Clerk of Court of the mandate or other Order terminating the action on appeal.

**LcvR 54.1(A)(1)(2)**

The Mandate reversing the district court's decision to grant injunctive relief to the Plaintiff and remanding the case with directions to dismiss the action was filed July 26, 2010. The district court's Order so following the instructions of the Fourth Circuit Court of Appeals dismissing the action with prejudice was filed on October 1, 2010. Therefore, the Clerk shall proceed to review the request for costs filed by Defendant on October 5, 2010, in which Defendant requests taxation of costs in the amount of $35,062.20 for the following items:

1.) <u>$35,062.20 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case.</u> Discovery in federal cases necessitates the taking of depositions. Costs associated with the original and one copy of the transcript are recoverable costs under 28 U.S.C.§1920(2) which provides in pertinent part:

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained in the case . . .

**Title 28 U.S.C.§1920(2).**

Local Rule 54.1 also permits the taxing of the costs of depositions which were necessary for use in the litigation. This rule provides in pertinent part:

> (F)(1) . . . the costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include . . .

**Local Rule 54.1(F)(1).**

The Fourth Circuit has held that even if depositions are not actually used at trial, the cost of the transcripts are recoverable if taking the deposition seemed reasonably necessary in light of the particular situation existing at the time of taking. See, <u>LaVay Corp. v. Dominion Federal Savings and Loan Association</u>, 830 F 2d 522, 528 (4th Cir. 1987), 28, 98 L. Ed. 2d 991 (1988). Further, taxable costs are not limited to the number of deposition pages necessary for the motion for summary judgment as at the time of taking the depositions, defendant could not know which aspects of the deposition or whose deposition would be needed for preparation of the

motion for summary judgment until after the deposition is taken. See, <u>Jop v. City of Hampton, VA</u>, 163 F.R.D. 486, 488 (E.D. VA. 1995).

Therefore, the costs of the fees for printed or electronically recorded transcripts necessarily obtained for use in the case are **AWARDED** in the amount of $35,062.20

**THEREFORE, total costs in the amount of $35,062.20 are AWARDED in favor of the Defendant and against Plaintiff.**

Either party may appeal this Taxation of Costs by filing a motion within seven (7) days after receipt of this notice of taxation. Any appeal is to be filed with the district court.

Signed: December 23, 2010

*Frank G. Johns*

Frank G. Johns, Clerk
United States District Court